Reese, J.
delivered the opinion of the court.
McNew is a millwright, and built a grist-mill, saw-mill, dam, &c. for Allen. McNew sued Allen to recover an unpaid portion of the price of his labor, and did recover a verdict and judgment; to reverse which Allen has prosecuted his writ of error to this court; and here various grounds of error have been assigned in argument. 1st. That the action should have been brought upon the special agreement stated in the proof upon the record, and will not lie upon the indebi-tatus counts merely, because, by a term, of the agreement a portion of the price was to have been paid in property. We think this ground of error is not well sustained, because, the action is brought to recover the price of labor done, and upon an executed contract, in which the labor done is due in money; for although a part of the price was payable by a term of the contract in provisions, that was meant only pending the construction — and the structure being completed, no provisions are due, but money only; and because, secondly, the stipulations of the special agreement were not fully complied with on either side, and were in part virtually abandoned, so that, on that ground, the suit may be maintained on the common counts, and plaintiffs need not have declared on the special agreement. 2d. It is assigned as error that plaintiff below was suffered to recover for the price or value of labor done upon a saw-mill, which, although conclusively proved, as embraced in the contract, is not enumerated in the descriptive portion of the declaration, which states the character of the labor, unless it be comprised in the terms grist-mill, mill-house and appendages. The court left it to the jury to say, *56 whether a saw-mill in general is a necessary appendage to a grist-mill; — informing them that if it were not, plaintiff ought not to recover any thing for the saw-mill. It is insisted that there is no error upon this ground, because the court should not reverse the judgment, where the recovery was according to the contract, and the justice of the case, upon a mere objection to the descriptive part of the declaration. Again, it is insisted, that the word “appendage” in the declaration is not to be referred to the appendages in general to a grist-mill, and which belong necessarily to all grist-mills, but is to be understood as referring to the appendages in fact to this particular grist-mill, — and that the proof shows that the saw-mill was strictly such. There is much plausibility in this view of the matter, and, upon the whole, we do not feel at liberty to reverse the judgment, upon, this ground, in the aspect in which it presents itself.
3d. There was much evidence to show that the work was not done in a manner conformable to the stipulations of the contract; but the court charged the jury in accordance with the views of this court, on the subject of abatement of price, or recoupment in damages; and no error is alledg-ed upon that ground. Yet it is said, that the jury disregarded the charge of the court upon that point, and found a verdict against preponderance of testimony. Upon looking into the testimony, however, we are of opinion, that there is testimony, upon this point, upon which the verdict may be rested, and that we cannot, comformably to the rule prescribed by us, for our own action on the subject of new trials here, and to which rule we have inflexibly adhered, grant to the plaintiff in error a new trial upon the ground insisted on. 4th, It appears that when the grist-mill was so far completed, as that the stones for grinding maize or Indian corn could be put into operation, Allen refusing to ac *57 cept so much of the work as had been done, McNew ground, for a considerable time, corn upon or with said stones and received toll therefor. Defendant below claimed a set-off or abatement upon this ground, but the court decided that it could not be allowed in this action, but if it constituted a ground of action or claim, in favor of Allen, he must assert it in a distinct suit. This opinion of the court we think is well founded. — The use of the mills, except on the ground of injury to the property produced thereby could not be embraced by the doctrine of abatement or recoupment, — and as matter of set-off, as it is for uncertain and unliquidated damages, it could not be enforced.
5th. There were certain notes for money given by McNew to third persons, and which Allen purchased, and for which he claimed a set-off.
As to this, the court charged that he cpuld not claim a set-off for the amount of the notes, unless he had a “legal ' title” thereto. This although true, is said in a manner and connection by the court, to import the necessity of a written assignment of the notes to Allen;--the phraselogy used by the court, as set forth in the bill of exceptions, was calculated to make that impression on the mind of the jury, and we think that, in this there is error. If he were owner of the notes by purchase and delivery, without written assignment, he would be entitled, other objections out of the question, to a set-off. 6th. In an answer to a bill of discovery, filed by Allen against McNew, and which was introduced as evidence by Allen, McNew stated, that these notes had been fraudulently procured, and that he was not equitably bound to pay the money mentioned therein.
The court ruled that the whole of the answer, not only must be read, but become evidence in the cause, and that it required the testimony of two witnesses, or of one witness, with *58 strong corroborating circumstances, to countervail the statements of the answer.
This part of the charge is erroneous. The answer, indeed, must be taken together, but its truth before the jury should be weighed, Mice other testimony, by its intrinsic character, subject to be set aside, by what might be found in the answer itself, by the nature of the statement, or by other proof. What was said by the court, was calculated to mislead the jury, particularly as it related to the notes claimed to be set-off, when the allegation of the answer was not responsive to any thing said in the bill.
Upon these two last mentioned grounds we reverse the judgment of the circuit court, and award a new trial.